[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#109)
The plaintiff's complaint, read so as to sustain it's validity, which the court must do for the limited purpose of deciding this motion, amply charges that the plaintiff was terminated to allow the defendants to continue a scheme of criminal misconduct, including, inter alia, larceny, withholding of wages and unfair and deceptive business practices all in direct violation of state criminal statutes.
In support of this conclusion the court relies upon SHEETS v.TEDDY'S FROSTED FOODS, INC, 179 Conn. 471 (1980), and ANTINERELLAv. RIOUS, 229 Conn. 479 (1994).
The defendants' reliance upon ADLER v. AMERICAN STANDARDCORP., 290 Md. 615, 432 A.2d 464 (1981) and GEARY v. UNITED STATESSTEEL CORP., 456 Pa. 171, 319 A.2d 174, (1974) is misplaced. InAlder the plaintiff was merely a former salesman, not a corporate officer, who complained not of criminal misconduct but of inadequate testing of a new product. In Geary, unlike here, the plaintiff's allegations of misconduct did not include any specific allegations of fraudulent intent. Each of these cases is factually distinguishable.
Accordingly, the motion to strike is denied. However, the CT Page 641 plaintiff shall forthwith amend his complaint to delete the reference to paragraph 10(d) in Count One as conceded in his opposing memorandum.
Joseph A. Licari Jr., Judge